# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

DAVE ANDERSON,
    Individually and on Behalf of
    all Others Similarly Situated,

    Plaintiffs,

v.

HALSTED FINANCIAL SERVICES, LLC,
and TRAVELERS CASUALTY AND
SURETY COMPANY OF AMERICA,
    Defendants.

CASE NO.: 4:15-cv-215

## PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff Dave Anderson ("Plaintiff"), by and through his undersigned counsel, brings this class action lawsuit against Halsted Financial Services, LLC ("Defendant Halsted") and Travelers Casualty and Surety Company of America ("Defendant Travelers"), and alleges as follows:

### NATURE OF ACTION

1. This is a class action lawsuit brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. sec. 1692, *et seq*. and the Texas Finance Code ("TFC") § 392.001, *et seq*.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. sec. 1692k(d) and 28 U.S.C. § 1331.

3. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this District, and where Plaintiff resides in this State and this District.

## PARTIES

5. Plaintiff is a natural person, who at all relevant times resided in Prosper, Texas.

6. Plaintiff is allegedly obligated to pay a debt due a creditor other than Defendant Halsted, and thus is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. Plaintiff's alleged obligation asserted to be owed or due a creditor other than Defendant Halsted arises from a transaction or transactions in which the money, property, insurance, and/or services that are the subject of the transaction(s) were incurred primarily for personal, family or household purposes, and thus is a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5).

8. Defendant Halsted is an Illinois limited liability company with principal offices situated in Skokie, Illinois.

9. Defendant Halsted may be served through its registered agent, Illinois Corporation Service C, located at 801 Adlai Stevenson Dr., Springfield, Illinois  62703.

10. Defendant Halsted is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

11. Defendant Halsted is a "third party debt collector" as defined by Tex. Fin. Code § 392.001(7).

12. Defendant Travelers is a foreign entity that can be served in the state of Texas via its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

13. Defendant Travelers is liable for acts committed by Defendant Halsted pursuant to, and to the extent provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto, bond number 7752241308TX, as well as any other applicable law.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

14. In the year prior to the filing of this Complaint, Defendant Halsted initiated, or caused to be initiated, one or more telephone calls to Plaintiff's telephone line, in an effort to collect from Plaintiff an alleged obligation asserted to be owed or due a creditor other than Defendant Halsted, and on one or more occasions left the following message:

    This message is solely intended for David Anderson. If you are not David Anderson please hang up now and disregard this message. File number 5090528, which was placed with Halsted Financial Services, has been escalated to our final review department due to a lack of response from the required respondent. A full review of this file is being conducted by one of our loss mitigation specialists and a recommendation of action to our client is immanent. In order for your personal statement to be included in this review, press zero now to speak to the representative responsible for conducting this review or call 877-220-4461 immediately upon receipt of this message. Failure to respond will result in our recommendation being submitted to our client without your personal statement being included.

15. The message described in paragraph 14 above was an automated message. Those portions of the message referenced in paragraph 14 above which were violations of federal and Texas law, were reproduced on a large scale and broadcast to many Texas consumers.

16. The messages left on Plaintiff's voicemail described in paragraph 14 above failed to disclose that the Defendant was a debt collector and failed to disclose that the communication was an attempt to collect a debt and that any information obtained would be used for that purpose.

17. Defendant Halsted, as a matter of pattern and practice, leaves or causes to be left, voice messages/recordings with and/or for alleged debtors using language substantially similar

3

or materially identical to that utilized by Defendant Halsted in leaving, or causing to be left, the above described voice messages for Plaintiff.

## CLASS ACTION ALLEGATIONS

18. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of a Class of individuals consisting of all persons located in the State of Texas who, within one year before the date of the filing of this Complaint, received a pre-recorded voice message/recording from Defendant Halsted in connection with an attempt to collect any purported debt that was incurred primarily for personal, family or household purposes, where the pre-recorded message/recording failed to provide meaningful disclosure of the Defendant Halsted's identity, and/or failed to identify that the Defendant Halsted was a debt collector, and/or failed to identify that the communication from the Defendant Halsted was an attempt to collect a debt and/or failed to inform the receiver of the message that any information obtained would be used for the purpose of collecting a debt.

19. Excluded from the Class are Defendant Halsted, the officers and directors of the Defendant Halsted, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant Halsted has or had a controlling interest.

20. The proposed class is so numerous that joinder of all members is impracticable. The exact number of class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery. The proposed Class is ascertainable in that the names address of all members of the Class can be identified in business records maintained by Defendant Halsted.

21. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff's claims and all claims of the members of the Class originate from the same conduct, practices and procedure on the part of Defendant Halsted and Plaintiff has suffered the same injuries as each member of the Class.  Plaintiff has retained counsel experienced and competent in class action litigation.

22. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

23. Issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that Defendant Halsted has acted on grounds generally applicable to the entire Class.  Among the issues of law and fact common to the Class are:

    a. Defendant Halsted's violations of the FDCPA as alleged herein;
    b. Defendant Halsted's violations of the TFC as alleged herein;
    c. Defendant Halsted's conduct particular to the matters at issue was identical;
    d. The availability of statutory penalties; and
    e. The availability of attorneys' fees and costs.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. 1692e(11)

24. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1-23.

25. 15 U.S.C. 1692e(11) provides:

    A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    * * *

    (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

26. In the above-described messages, Defendant Halsted failed to notify Plaintiff that the communications were from a debt collector calling in an attempt to collect a debt.

27. As such, Defendant Halsted violated 15 U.S.C. 1692e(11) by failing to disclose during communications with Plaintiff that the communications were from a debt collector.

## COUNT II
## VIOLATION OF THE TEXAS FINANCE CODE § 392.304

28. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1-23.

29. Tex. Fin. Codes § 392.304 provides:

    (a) Except as otherwise provided by this section, in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices:

    (5) in the case of a third-party debt collector, failing to disclose, except in a formal pleading made in connection with a legal action:

        (A) that the communication is an attempt to collect a debt and that any information obtained will be used for that purpose, if the communication is the initial written or oral communication between the third-party debt collector and the debtor; or

        (B) that the communication is from a debt collector, if the communication is a subsequent written or oral communication between the third-party debt collector and the debtor;

30. In the above-described messages, Defendant Halsted failed to notify Plaintiff that the communications were from a debt collector calling in an attempt to collect a debt.

31. As such, Defendant Halsted violated Tex. Fin. Codes § 392.304(a)(5)(A)&(B) by failing to disclose during communications with Plaintiff that the communications were an attempt to collect a debt and were from a debt collector .

**COUNT III**
**IMPUTED LIABILITY OF TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA FOR LIABILITY OF HALSTED FINANCIAL SERVICES, LLC**

32. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1-23.

33. The act(s) and omission(s) of Defendant Halsted and its representative(s), employee(s) and/or agent(s) in violation of Tex. Fin. Code § 392.304(a)(5)(A)&(B) are imputed to Defendant Travelers pursuant to Tex. Fin. Code § 392.102.

**JURY TRIAL DEMANDED**

34. Plaintiff hereby demands a trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests for relief and judgment, as follows:

(a) Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

(b) Adjudging that Defendant Halsted violated 15 U.S.C. § 1692e(11) and Tex. Fin. Code § 392.304;

(c) Pursuant to Tex. Fin. Code § 392.403(a)(1), an injunction to enjoin Defendant Halsted from future violation of Tex. Fin. Code § 392.304;

(d) Awarding Plaintiff and members of the class statutory damages against Defendant Halsted pursuant to 15 U.S.C. 1692k in the amount of $1,000.00 per class member;

(e) Awarding Plaintiff and members of the Class their reasonable costs and attorney's fees incurred in this action, including expert fees, against Defendant Halsted and Defendant Travelers pursuant to 15 U.S.C. 1692k and Tex. Fin. Code §392.403;

(f) Awarding Plaintiff and the Class any pre-judgment and post-judgment interest as may be allowed under the law against Defendant Halsted and Defendant Travelers; and

(g) Awarding other and further relief as the Court may deem just and proper against Defendant Halsted and Defendant Travelers.

Respectfully submitted,

/s/ Jeffrey D. Wood
Jeffrey D. Wood, Esq.
The Wood Firm, PLLC
ArkBN: 2006164
103 N. Goliad, Suite 204
Rockwall, TX  75087
TEL:  682-651-7599
FAX:  888-598-9022
EMAIL:  jeff@mmlaw.pro
Attorney for Plaintiff