**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| DAVE ANDERSON, Individually and on Behalf of all Others Similarly Situated, | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. 4:15-cv-215 |
| HALSTED FINANCIAL SERVICES, LLC, and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | § | |
| Defendants. | § | |

**TRAVELERS CASUALTY AND SURETY**
**COMPANY OF AMERICA'S ORIGINAL ANSWER**

Defendant Travelers Casualty and Surety Company of America ("Travelers") files this its Original Answer to Plaintiff's Class Action Complaint for Damages and Demand for Jury Trial (the "Complaint"), and would respectfully show the Court as follows:

## NATURE OF ACTION

1. Answering paragraph 1 of the Complaint, Travelers admits that Plaintiff Dave Anderson ("Plaintiff") has filed this lawsuit as a putative class action pursuant to the Fair Debt Collection Practices Act and the Texas Finance Code, but denies that grounds exist for class certification or that Plaintiff is a proper class representative.

## JURISDICTION AND VENUE

2. Answering paragraph 2 of the Complaint, Travelers admits that based on Plaintiff's allegations jurisdiction is proper in this Court.

3. Answering paragraph 3 of the Complaint, Travelers admits the based on Plaintiff's allegations supplemental jurisdiction is proper in this Court.

4. Answering paragraph 4 of the Complaint, Travelers admits that venue is

proper before this Court because the acts and transactions alleged by Plaintiff occurred in this judicial district. Travelers denies that venue is proper before this Court because Plaintiff resides in this judicial district.

**PARTIES**

5. Answering paragraph 5 of the Complaint, Travelers is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

6. Answering paragraph 6 of the Complaint, Travelers states that no response is required to Plaintiff's legal interpretations. Further answering paragraph 6 of the Complaint, Travelers is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

7. Answering paragraph 7 of the Complaint, Travelers states that no response is required to Plaintiff's legal interpretations. Further answering paragraph 7, Travelers is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

8. Answering paragraph 8 of the Complaint, Travelers admits the allegations contained therein.

9. Answering paragraph 9 of the Complaint, Travelers is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

10. Answering paragraph 10 of the Complaint, Travelers states that no response is required to Plaintiff's legal interpretations.

11. Answering paragraph 11 of the Complaint, Travelers states that no response is required to Plaintiff's legal interpretations.

12. Answering paragraph 12 of the Complaint, Travelers admits the allegations contained therein.

13. Answering paragraph 13 of the Complaint, Travelers admits that it issued a Third Party Debt Collection Surety Bond on behalf of Defendant Halsted Financial Services, LLC ("Halsted") identified as bond no. 7752241308 TX, but denies the remaining allegations contained therein.

**FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS**

14. Answering paragraph 14 of the Complaint, Travelers is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

15. Answering paragraph 15 of the Complaint, Travelers is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

16. Answering paragraph 16 of the Complaint, Travelers is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

17. Answering paragraph 17 of the Complaint, Travelers is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

**CLASS ACTION ALLEGATIONS**

18. Answering paragraph 18 of the Complaint, Travelers admits that Plaintiff alleges that this action is brought pursuant to Rule 23 of the Federal Rules of Civil Procedure on its own behalf and on behalf of a class as identified in paragraph 18 of the Complaint, but denies that any such class is appropriate and denies the remaining

allegations contained in paragraph 18 of the Complaint.

19. Answering paragraph 19 of the Complaint, Travelers admits that Plaintiff excludes from its alleged class Halsted, the officers and directors of Halsted, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Halsted has or had a controlling interested but denies that any class is appropriate and denies any remaining allegations contained in paragraph 19 of the Complaint.

20. Answering paragraph 20 of the Complaint, Travelers denies the allegations contained therein.

21. Answering the first sentence of paragraph 21 of the Complaint, Travelers denies the allegations contained therein. Answering the second sentence of paragraph 21 of the Complaint, Travelers is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

22. Answering paragraph 22 of the Complaint, Travelers denies the allegations contained therein.

23. Answering paragraph 23 of the Complaint, Travelers denies the allegations contained therein.

**COUNT I**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. 1692(e)11**

24. Answering paragraph 24 of the Complaint, Travelers incorporates herein by reference its answers to paragraphs 1-23.

25. Answering paragraph 25 of the Complaint, Travelers admits that Plaintiff has correctly quoted 15 U.S.C. 1692(e)11.

26. Answering paragraph 26 of the Complaint, Travelers is without knowledge

and information sufficient to form a belief as to the truth of the allegations contained therein.

27. Answering paragraph 27 of the Complaint, Travelers is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

**COUNT II**
**VIOLATION OF THE TEXAS FINANCE CODE § 392.304**

28. Answering paragraph 28 of the Complaint, Travelers incorporates herein by reference its answers to paragraphs 1-23.

29. Answering paragraph 29 of the Complaint, Travelers admits that Plaintiff has correctly quoted § 392.304(a)(5)(A-B) of the Texas Finance Code.

30. Answering paragraph 30 of the Complaint, Travelers is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

31. Answering paragraph 31 of the Complaint, Travelers is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

**COUNT III**
**IMPUTED LIABILITY OF TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA FOR LIABILITY OF HALSTED FINANCIAL SERVICES, LLC**

32. Answering paragraph 32 of the Complaint, Travelers incorporates herein by reference its answers to paragraphs 1-23.

33. Answering paragraph 33 of the Complaint, Travelers denies the allegations contained therein.

## JURY TRIAL DEMANDED

34.     Answering paragraph 34 of the Complaint, Travelers admits that Plaintiff demands a trial by jury.

35.     Answering the unnumbered prayer in the Complaint, Travelers admits that Plaintiff seeks the relief requested therein, but denies that Plaintiff is entitled to such relief from Travelers.

36.     Travelers specifically denies any and all allegations contained in the Complaint not herein expressly admitted.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

37.     Travelers alleges that as surety for its principal, Halsted, Travelers is entitled to the benefit and protection of, and does rely upon, any and all defenses that Halsted has or may have against the claims asserted by Plaintiff, and to the extent that Halstead is not liable to Plaintiff, Travelers is not, and cannot be, liable to Plaintiff.

### SECOND AFFIRMATIVE DEFENSE

38.     Travelers affirmatively alleges and pleads that Plaintiff is not entitled to bring this action as a class action under Rule 23 of the Federal Rules of Civil Procedure.

WHEREFORE, for the foregoing reasons, Defendant Travelers Casualty and Surety Company of America respectfully requests this Court to enter a judgment in its favor, finding that Plaintiff Dave Anderson take nothing by reason of its Complaint, and that Travelers be awarded all costs of court as well as its reasonable attorneys' fees and expenses, and such other and further relief, both at law and in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

*/s/ Carlos H. Garcia*
CHRISTOPHER R. WARD
State Bar No. 24008233
christopher.ward@strasburger.com
CARLOS H. GARCIA
State Bar No. 24052267
carlos.garcia@strasburger.com
STRASBURGER & PRICE, LLP
901 Main Street, Suite 4400
Dallas, Texas 75202
Telephone: (214) 651-4722
Facsimile: (214) 659-4108

ATTORNEYS FOR TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing has been forwarded to all counsel listed below on this the 15th day of May, 2015, *via* ECF electronic notification.

Jeff Wood, Esq.
The Wood Firm, PLLC
103 N. Goliad, Suite 204
Rockwall, TX 75087
Telephone: (682) 651-7599
Facsimile: (888) 598-9022

*/s/ Carlos H. Garcia*
CARLOS H. GARCIA